**STRATEGIC ARMS CORPORATION, Plaintiff,**

v.

**Albert CARUSO, Avanti Manufacturing, Inc. (New York), Protect-O-Key Corporation, Aerosol Defense Systems, Inc., and Avanti Manufacturing, Inc. (Nevada), Defendants.**

No. CIV–82–137.

United States District Court, W.D. New York.

Dec. 7, 1983.

Michael O. Sturm, Des Moines, Iowa, for plaintiff.

E. Sease, Des Moines, Iowa, Elliott I. Pollock, Washington, D.C., Joseph P. Gastel, Buffalo, N.Y., for defendants.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendants in this action for a declaratory judgment as to the validity of a patent and plaintiff's non-infringement of such patent, have moved to vacate plaintiff's Notice of Dismissal filed March 4, 1982, urging that Fed.R.Civ.P. rule 41(a)(1) does not permit plaintiff to dismiss this action voluntarily because defendants had in effect moved for summary judgment prior to plaintiff's notice of dismissal. Under rule 41(a)(1) voluntary dismissal by plaintiff without order of court must occur prior to answer or motion for summary judgment by defendants.

Defendants argue that their "motions to dismiss," brought in 1980 and 1981 (prior to the transfer of this case here from the United States District Court for the Southern District of Iowa), must be considered the equivalent of motions for summary judgment. In these motions defendants contended that none of the defendants, except the later-added Avanti Manufacturing, Inc. (Nevada), had any ownership interest in the patent which forms the basis for the present lawsuit and were therefore not proper parties to this action. In one of these motions, that of June 22, 1981, it was also asserted that Count II of the Amended Complaint, alleging unfair competition in defendants' attempted enforcement of the patent, must be dismissed for failure to describe activities constituting acts of unfair competition. This motion also urged dismissal of Count II against defendants Avanti Manufacturing, Inc. (Nevada) and Aerosol Defense Systems, Inc. for failure to state a cause of action against these defendants because they had not yet been formed at the time when the acts allegedly constituting unfair competition occurred.

Considerable extra-pleading material was submitted in support of the arguments that the defendants were not proper parties to the lawsuit because of their lack of ownership interest in the patent. These motions were originally denied by the transferror court which indicated that "[a]fter further discovery is conducted by plaintiff as to the relationship among the defendants and Avanti Manufacturing, Inc. of Nevada, if it appears that some of the defendants should be dismissed, the Court will again entertain motions at that time."

Defendants seek to characterize their motions to dismiss on the grounds that they are improper parties as alleging that the complaint failed to state a cause of action. Under Fed.R.Civ.P. rule 12(b) if, on a motion asserting that the complaint fails to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion is treated as one for summary judgment pursuant to Fed.R.Civ.P. rule 56.

I have concluded that to the extent that defendants' previous motions challenged the propriety of their presence in the suit, the motions were motions to be dropped pursuant to Fed.R.Civ.P. rule 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *See, e.g., Ziegler v. Akin,* 261 F.2d 88, 91 (10th Cir.1958); 3A *Moore's Federal Practice,* ¶ 21.03, pp. 21–12 & 21–13. The transferror court's consideration of extra-pleading materials could not transform the motions into ones for summary judgment, regardless of the label attached to them by the parties. The extra-pleading materials have no relationship to the June 22, 1981 motion's challenge to the sufficiency of the unfair competition count of the Amended Complaint. The remainder of the motions to dismiss addresses jurisdictional and venue issues, not proper matters for summary judgment under Fed.R.Civ.P. rule 56. *See* 6 *Moore's Federal Practice,* ¶ 56.03.

Accordingly, defendants' motion to vacate plaintiff's notice of dismissal is hereby ORDERED denied.